## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRISTAN RIDGE, individually and on behalf of all others similarly situated, : : : | |
| Plaintiff, : | Case No: 1:24-cv-01276 |
| v. : : | Hon. Robert J. Jonker |
| RSDC OF MICHIGAN, LLC, a Michigan limited liability company, : : | Mag. Phillip J. Green |
| Defendant. : | |

### ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of FLSA Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached to the Unopposed Motion as Exhibit 2.

Having reviewed the Approval Motion, the Agreement, the Declaration of Jesse L. Young, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving an FLSA Collective and approving the Settlement, including the proposed Service Award, the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt employees of RSDC of Michigan, LLC ("Defendant").

2. The instant action was filed on December 3, 2024, asserting a claim for alleged violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and state common law claims of breach of contract and unjust enrichment.

3. In general, Plaintiffs alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection with various forms of non-discretionary bonuses earned in weeks during which they worked overtime hours. Plaintiff also alleged that Defendant failed to pay him and the putative class and collective members for off-the-clock work related to donning protective gear prior to their work shifts. (ECF No. 1).

4. On February 28, 2025, Defendant filed a Partial Motion to Dismiss (state law claims), along with its Answer and Affirmative Defenses. (ECF Nos. 12-14).

5. On March 20, 2025, Plaintiffs filed a First Amended Collective and Class Action Complaint. (ECF No. 16).

6. On April 23, 2025, Defendant re-filed its Partial Motion to Dismiss (state law claims), along with its Amended Answer and Affirmative Defenses. (ECF No. 22-24).

7. Thereafter, the Parties held multiple conferences during which they discussed, among other things: the applicable scope of Plaintiff's claims; whether the Court would exercise supplemental jurisdiction over Plaintiff's state law claims; the voluntary exchange of pay and timekeeping data to analyze the potential damages; and the possibility of exploring resolution via direct negotiations or with the assistance of a third-party mediator.

8. Ultimately, the Parties decided to exchange informal discovery (including pay and timekeeping data) to identify the measure of damages related to Plaintiffs' claims and to explore resolution.

9. In early May 2025, the Parties agreed on mediator Dave Calzone, and scheduled an initial mediation date of July 28, 2025.

10. The Court held a scheduling conference on May 15, 2025 and entered its First Case Management Order on May 16, 2025. (ECF No. 27).

11. On June 16, 2025, Plaintiff filed his Response in Opposition to Defendant's Partial Motion to Dismiss. (ECF No. 28).

12. On July 2, 2025, the Court granted Defendant's Partial Motion to Dismiss, without prejudice. (ECF No. 29).

13. In June and July 2025, the Parties exchanged information and conducted numerous meet-and confers related to payroll and timekeeping data for approximately 331 employees.

14. On July 25, 2025, the Parties rescheduled the mediation for September 4, 2025 with Mr. Calzone due to delays with the voluntary data production.

15. On September 4, 2025, the Parties attended mediation with Mr. Calzone and engaged in an all-day mediation, ultimately reaching a settlement covering approximately 258 employees. The settlement resolves Plaintiffs' regular rate claims and his off-the-clock claims.

16. The Settlement will cover the Named Plaintiffs and all of the Eligible Employees (hereinafter collectively referred to as the "Eligible Employees") who elect to participate in the Settlement by cashing or depositing their Individual Settlement Payments. There are 258 Eligible Employees.

17. The Agreement provides that, in consideration of the $101,413.58 Gross Settlement Amount, the claims of all of the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

18. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiffs and all of the Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

19. The Court approves the settlement documents attached to the Approval Motion as Exhibit 2, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Named Plaintiffs and all Eligible Employees who elect to participate in the Settlement by depositing their Individual Settlement Payments.

20. The Court approves Service Awards of $3,000 to Named Plaintiff Tristan Ridge, in recognition of his service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

21. The Court approves the payment of attorneys' fees to Sommers Schwartz, P.C. in the amount of $33,174.06.

22. The Court approves reimbursement to Sommers Schwartz, P.C. for their litigation expenses incurred in this matter in the amount of $12,825.94.

23. The Court appoints Atticus Administration, LLC, to serve as settlement administrator.

24. The Court retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process, and directs the Parties to file a stipulated dismissal after the Defendant funds the entirety of the Gross Settlement Amount with the Settlement Administrator.

**SO ORDERED:**

Date: October 24, 2025                               /s/ Robert J. Jonker
                                                    Honorable Robert J. Jonker
                                                    United States District Court Judge